# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CONSUELO HERMAN, et al.,

        Plaintiffs,

    v.                         Case No. 22-CV-200

INTEGRITY PROPERTY AND CASUALTY INSURANCE COMPANY,

        Defendant.

# DECISION AND ORDER

### 1. Facts and Procedural History

On July 1, 2019, shortly before 5:00 PM, Consuelo Herman[1] was driving south on South 27th Street in Milwaukee when heavy traffic caused her to stop. (ECF No. 23-1 at 2.) She was then rear-ended by a Kia Soul driven by Ana Maria Sepulveda. The impact was significant enough to send Herman's Subaru Crosstrek into the car in front of it but not so severe as to deploy the airbags in the Soul. (ECF No. 23-1 at 1-5.)

Herman did not seek medical treatment that day (ECF No. 26, ¶ 3), but the following day she went to an urgent care clinic (ECF Nos. 23-2; 26, ¶ 4). According to the

---

[1] Consuelo's husband, Richard Herman, is also a plaintiff. Because his claim (ECF No. 1-1 at 4, ¶ 8) is not significant in the court's analysis of the pending motion, the court uses "Herman" herein to refer to Consuelo alone.

medical records, she reported that she had a sore and tender neck, soreness in her hips, stiffness, and pain in her right lower back. (ECF Nos. 23-2; 26, ¶ 4.) She denied any weakness or pain, numbness, or tingling in her extremities. (ECF No. 23-2 at 1.) X-rays of her cervical spine and hip were generally normal. (ECF Nos. 23-2 at 2-3; 26, ¶ 5.) She was prescribed a muscle relaxant for possible muscle spasms and advised to apply cold and warm compresses and to take over-the-counter analgesics for pain. (ECF Nos. 23-2 at 3; 26, ¶ 5.)

Herman later sought care by her primary care physician, completed a course of physical therapy, and underwent an MRI. (ECF No. 26, ¶¶ 6-7.) The lumbar MRI showed degenerative changes—specifically, a mild degenerative disc bulge, facet arthrosis, and ligamentum flavum hypertrophy at L4-5 and L5-S1. (ECF No. 26, ¶ 7.) In March 2021 an x-ray showed "mild sclerosis" in her sacroiliac joint, which Herman's pain management physician opined could be attributable to wear and tear but that the accident may have exacerbated a pre-existing condition. (ECF No. 23-5 at 8, 26:1-7.)

In a report and testimony Herman's treating physician opined that, although he could not rule out that the accident caused her pain, there is a higher probability that her pain is likely chronic in nature. (ECF No. 26, ¶¶ 13-14.)

Herman alleges that she incurred special damages of $14,658.90 in past medical expenses and $554.31 in lost wages for a total of $15,213.21. (ECF No. 26, ¶ 21.) She settled with the insurer of the responsible driver for the policy maximum of $25,000 and then

turned to the underinsured motorist provision of her policy with Integrity Property and Casualty Insurance Company. She and her husband filed suit seeking underinsured motorist benefits (ECF No. 1-1, ¶¶ 21-22), interest pursuant to Wis. Stat. § 628.46 (ECF No. 1-1, ¶¶ 24-25), and punitive damages (ECF No. 1-1, ¶ 36), and alleging bad faith (ECF No. 1-1, ¶¶ 27-24). Integrity seeks summary judgment with respect to the claim for interest under Wis. Stat. § 628.46. (ECF No. 21.)

All parties have consented to the full jurisdiction of this court in accordance with 28 U.S.C. § 636(c). (ECF Nos. 5, 6.) The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## 2. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of the suit" and a dispute is "genuine" only if a reasonable factfinder could return a verdict for the non-movant. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). In resolving a motion for summary judgment, the court is to "construe all evidence and draw all reasonable inferences from the evidence in" favor of the non-movant. *E.Y. v. United States*, 758 F.3d 861, 863 (7th Cir. 2014) (citing *Gil v. Reed*, 535 F.3d 551, 556 (7th Cir. 2008); *Del Raso v. United States*, 244 F.3d 567, 570 (7th Cir. 2001)). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the

evidence submitted in support of and [in] opposition to the motion for summary judgment." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016).

The court must apply Wisconsin law as it believes the Wisconsin Supreme Court would. *Doermer v. Callen*, 847 F.3d 522, 527 (7th Cir. 2017). If the Wisconsin Supreme Court has never decided a particular issue, this court considers the decisions of other Wisconsin courts as persuasive authority as to how the Wisconsin Supreme Court would decide the issue. *Stevens v. Interactive Fin. Advisors, Inc.*, 830 F.3d 735, 741 (7th Cir. 2016). In the absence of any Wisconsin authority on an issue, the court may look to other jurisdictions that have addressed the issue, but always with the aim of predicting how the Wisconsin Supreme Court would decide the issue. *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999).

### 3. Analysis

Under Wis. Stat. § 628.46(1), an insurer is required to pay interest at the rate of 7.5 percent per year if it fails to pay a claim within 30 days. An insurer's obligation to pay is triggered when the insurer has written notice of both "the fact of a covered loss" and the "amount of the loss." *Kontowicz v. Am. Standard Ins. Co.*, 2006 WI 48, ¶50, 290 Wis. 2d 302, 328, 714 N.W.2d 105, 118 (quoting Wis. Stat. § 628.46(1)); *Casper v. Am. Int'l S. Ins. Co.*, 2017 WI App 36, ¶18, 376 Wis. 2d 381, 394, 897 N.W.2d 429, 435. "Any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished

4

to the insurer." Wis. Stat. § 628.46(1). "'Reasonable proof' means that amount of information which is sufficient to allow a reasonable insurer to conclude that it may not be responsible for payment of a claim." *Kontowicz*, 2006 WI 48, ¶48; *see also Froedtert Mem'l Lutheran Hosp., Inc. v. Nat'l States Ins. Co.*, 2009 WI 33, ¶59, 317 Wis. 2d 54, 81, 765 N.W.2d 251, 264 ("Generally, reasonable proof is equated with whether coverage is considered 'fairly debatable.'" (quoting *Kontowicz*, 2006 WI 48, ¶48)).

Herman argues that an insurer can avoid responsibility for interest under Wis. Stat. § 628.46 only if it has reasonable proof that the claim is not covered. (ECF No. 25 at 13-15.) Because there is no dispute that her claim comes within the underinsured motorist policy, she contends, Integrity is responsible for interest.

Contrary to Herman's argument, there is a dispute as to whether Integrity is responsible to pay Herman under the parties' policy (although that question is intertwined with a dispute over the value of Herman's claim). (*See, e.g.*, ECF Nos. 24 at 13; 33, ¶ 18 (Integrity's initial response to Herman's claim states, "Based on the soft tissue nature of the injuries along with the medical expenses it appears the underlying limits would have satisfied Ms. Herman for this loss.").) Integrity's underinsured motorist policy provides coverage only for damages in excess of the $25,000 Herman received from the insurer of the driver who hit her. If her damages do not exceed $25,000, there is no covered claim under the Integrity policy. Therefore, if Integrity had "reasonable proof" that Herman's damages are not greater than the $25,000 she received from the responsible

party's insurer, it is not responsible for interest under Wis. Stat. § 628.46 on the underinsured motorist claim.

Integrity, however, has failed to demonstrate that it had reasonable proof that Herman's total damages were less than $25,000. Integrity establishes only that it reasonably believed that Herman's current symptoms are partially attributable to a preexisting injury or condition. But an aggravation of a preexisting condition is still a compensable injury. *See* Wis. JI-Civil 1715; 1720. The record presently before the court is largely devoid of any attempt to objectively value the damages Herman may have sustained as a result of an aggravation of a preexisting condition. Consequently, the court cannot find that Integrity had reasonable proof that Herman's damages resulting from this aggravation of a preexisting condition, along with her undisputed damages, totaled no more than $25,000. This is not to suggest that the court is finding that Integrity ultimately will be responsible for interest. The court finds only that, based on the record presently before it, Integrity has not shown that it is entitled to summary judgment on this basis.

Having said that, the next question is whether Integrity is nonetheless entitled to summary judgment if it simply had reasonable proof to dispute Herman's claim for damages.

The statute is unclear as to whether a reasonable dispute over the value of a claim is, by itself, a basis for an insurer avoiding having to pay interest. In *Fritsche v. Ford Motor*

*Credit Company*, 171 Wis. 2d 280, 491 N.W.2d 119 (Ct. App. 1992), the insurer argued that the insureds were not entitled to interest because their claims were grounded in tort and involved "nebulous damages such as pain and suffering and future loss of earning capacity." *Id.* at 306, 491 N.W.2d at 129. The Wisconsin Court of Appeals rejected that argument, stating:

> We agree that uninsured motorist claims, which often involve nebulous damages, are difficult to evaluate. It may be that the risk of mis-evaluation outweighs the risk of paying sec. 628.46, Stats., interest. But Rural has had the use of $ 25,000 which became owing to the Fritsches as a result of an accident which occurred October 11, 1985. Presumably, Rural has received a return on that amount since then. We see nothing illogical in interpreting a broad statute to require Rural to pay for the use of $ 25,000 from the date by which it had received evidence of the loss equivalent to a proof of loss.

*Id.* at 307, 491 N.W.2d at 129-30 (footnote omitted). Because the circuit court had accepted the insurer's argument that Wis. Stat. § 628.46 applied only when the insured's damages were certain, it did not consider whether the insurer "had reasonable proof to establish non-responsibility for payment," *Fritsche*, 171 Wis. 2d at 306, 491 N.W.2d at 129, and if it did not, the date on which interest began to accrue, *id.* at 307-08, 491 N.W.2d at 130. The court of appeals remanded the matter for the circuit court to resolve those questions.

*Fritsche* makes clear that, when an insurer is on the hook for a claim, it cannot avoid paying interest on a delayed payment simply by quibbling over the amount due. Such disputes are too easy to generate and would lead to insurers obtaining the benefit of what is essentially a free loan by being able to use, and presumably benefit from, the insured's money during the period of delay. Section 628.46 aims to remove this incentive

7

for delay and to compensate insureds. Because Wis. Stat. § 628.46 is compensatory rather than punitive, there is nothing unfair in requiring an insurance company to pay interest even if it had good reasons to believe that the insured was entitled only to a lesser sum. Moreover, valuing claims is the nature of an insurance company's business. It must balance the risk of misevaluation against the obligation of paying interest.

The rationale underlying *Fritsche*—that Wis. Stat. § 628.46 merely shifts to the insured the benefits the insurer gained (and the insured presumably lost) by delaying payment—would apply regardless of the reason the insurer delayed. Yet Wis. Stat. § 628.46 is clear that, in some circumstances, an insurer may not have to pay interest.

*Froedtert Memorial Lutheran Hospital v. National States Insurance Company*, 2009 WI 33, 317 Wis. 2d 54, 765 N.W.2d 251, involved a dispute between a hospital and a health insurer about the rate at which benefits should be paid. *Id.* at, ¶3. The insurer paid benefits at the Medicare rate; the hospital argued that it was entitled to benefits at its standard rate. *Id.* at ¶18. The Wisconsin Supreme Court agreed with the hospital but found that, because the question as to the proper rate was fairly debatable, the insurer "should not be *penalized* for exercising its right to litigate the matter." *Id.* at ¶66 (emphasis added). Therefore, the insurer was not obligated to pay interest under Wis. Stat. § 628.46.

The court's use of "penalized" is significant. A suggestion that having to pay interest is a penalty for delay is inconsistent with the court of appeals' statements in *Fritsche* and undermines the *Fritsche* court's rationale for awarding interest even though

the insurer may have reasonably disputed the amount of the claim. If Wis. Stat. § 628.48 is a punitive statute, it would seem inappropriate to penalize insurers that reasonably dispute the value of claims.

Notwithstanding the Wisconsin Supreme Court's reference to an insurer being "penalized" by being required to pay interest, *Froedtert* cannot be read as upsetting the well-established principle that prejudgment interest, including interest under Wis. Stat. § 628.48, is compensatory rather than punitive. Notably, the court in *Froedtert* supported its statement that the insurer "should not be penalized for exercising its right to litigate the matter" by citing to a footnote in *Fritsche* which said that, if the insurer could show it had proof it was not responsible for payment under its policy, interest would not accrue. *Froedtert*, 2009 WI 33, ¶66 (citing *Fritsche*, 171 Wis. 2d at 306 n.7, 491 N.W.2d at 129). It would be truly odd for a court to cite a case as support when it was disagreeing with that case with that very statement.

Moreover, the Wisconsin Supreme Court in *Kontowicz* explicitly rejected the insurer's argument (and the statements of the court of appeals in that case) that Wis. Stat. § 628.46 imposes a penalty. It stated, "We also note that our case law has reasoned that the purpose of § 628.46 is not to penalize insurers, but to compensate claimants for the value of the use of their money." *Kontowicz*, 2006 WI 48, ¶47 (citing *Upthegrove v. Lumbermans Ins. Co.*, 152 Wis. 2d 7, 13, 447 N.W.2d 367 (Ct. App. 1989)). *Froedtert,* which

followed *Kontowicz* by three years, offered no hint that it was overruling that aspect of the *Kontowicz* decision.

Thus, *Froedtert* did not disagree with, let alone implicitly overrule, *Fristche*. *Cf. Miller v. Safeco Ins. Co. of Am.*, 761 F. Supp. 2d 813, 830 (E.D. Wis. 2010) (noting that "prejudgment interest reflects the value of the use of money"). The court of appeals in *Fritsche* was clear that a mere dispute as to the amount of a claim is an insufficient basis upon which an insurer can avoid responsibility for interest under Wis. Stat. § 628.46.

Contrary to Integrity's argument, the fact that Herman's claim is not for a "sum certain" (ECF No. 24 at 2) does not preclude the award of interest. The "sum certain" requirement is an additional requirement that the Wisconsin Supreme Court imposed for third-party insurance claims. *See Kontowicz*, 2006 WI 48, ¶2; *Casper*, 2017 WI App 36, ¶18; *Estate of Payette v. Marx*, 2020 WI App 2, ¶40, 390 Wis. 2d 356, 376, 938 N.W.2d 628, 638. It does not apply to first-party claims like an underinsured motorist claim. *See Casper*, 2017 WI App 36, ¶26 (discussing *Miller*, 761 F. Supp. 2d at 829).

Accordingly, Integrity cannot avoid responsibility for interest merely because it may have reasonable proof to dispute the amount of Herman's claim.

The court, however, also rejects the notion that Integrity's settlement offers constitute a concession that it is responsible for at least the amount of the settlement offer and therefore must either tender that amount or be automatically responsible for interest on the sum. (*Cf.* ECF No. 24 at 1-2.) To hold otherwise would be inconsistent with Fed.

10

R. Evid. 408, which states that an offer of compromise is not admissible to prove the validity or amount of a claim. An insurer may offer to settle a claim for a number of reasons, and the fact of the offer is not inconsistent with the insurer having reasonable proof to establish that it is not responsible for the payment of the claim. *Cf. Singler v. Zurich Am. Ins. Co.*, 2014 WI App 108, ¶20, 357 Wis. 2d 604, 616, 855 N.W.2d 707, 713 (denying plaintiff interest pursuant to Wis. Stat. § 628.46 on third-party claim when insurer delayed in paying settlement offer accepted by the plaintiff). In fact, the reasonable proof standard is such that an insurer may simultaneously possess reasonable proof both that it is and is not responsible for the payment.

### 4. Conclusion

In the context of a first-party claim, an insurer cannot avoid having to pay interest under Wis. Stat. § 628.46 merely because it reasonably disputes the amount of an insured's claim. But if the insurer has reasonable proof that an insured's damages do not rise to the threshold at which the policy provides coverage, it is not required to pay interest under Wis. Stat. § 628.46. Integrity has not yet demonstrated that it had reasonable proof that Herman's damages were less than $25,000. Therefore, it is not entitled to summary judgment regarding Herman's claim for interest under Wis. Stat. § 628.46.

**IT IS THEREFORE ORDERED** that Integrity Property and Casualty Insurance Company's motion for summary judgment (ECF No. 21) is **denied**.

Dated at Milwaukee, Wisconsin this 19th day of December, 2022.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge