# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CONSUELO HERMAN, et al.,

    Plaintiffs,

v.                               Case No. 22-CV-200

INTEGRITY PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

## DECISION AND ORDER

Consuelo Herman and her husband filed suit against Integrity Property and Casualty Insurance Company seeking underinsured motorist benefits (ECF No. 1-1, ¶¶ 21-22), interest pursuant to Wis. Stat. § 628.46 (ECF No. 1-1, ¶¶ 24-25), and punitive damages (ECF No. 1-1, ¶ 36), and alleging bad faith (ECF No. 1-1, ¶¶ 27-24). The parties stipulated to "bifurcate the bad faith claim, and that any discovery regarding bad faith should be stayed pending the determination of the other claims." (ECF No. 9 at 4; 10.)

Following a scheduling conference, the court entered a scheduling order stating:

All discovery related to the contract benefits claim is to be completed by September 1, 2022.…

All motions for summary judgment related to the contract benefits claim, together with the moving party's principal materials in support of the

motion, are to be filed in accordance with Civil L.R. 56 no later than October 15, 2022.

(ECF No. 13, ¶¶ 5, 7.)

Integrity now seeks clarification of the schedule. (ECF No. 57.) The court's reference to a "contract benefits claim" apparently confused defense counsel. Counsel did not understand the claim for underinsured motorist benefits to be a "contract benefits claim," and thus did not seek summary judgment regarding that claim by the October 15, 2022, deadline. (ECF No. 58 at 2.)

The court need not delve into how a claim for underinsured motorist benefits is a species of a contract claim. Nor is it necessary to try to decipher what defense counsel understood the court's reference to a "contract benefits claim" meant in light of counsel's view that there was no breach of contract claim in the complaint.

On March 22, 2022, the parties stipulated that the bad faith claim should be bifurcated from all other claims, and any discovery regarding bad faith should be stayed pending the determination of the other claims. (ECF No. 10.) Thus, when the court entered a scheduling order, it set deadlines for discovery and for filing dispositive motions for all claims except for the bad faith claim. (ECF No. 13.) The scheduling order stated that the court would address further scheduling regarding the bad faith claim if no summary judgment motions were filed as to the non-bad faith claims, or if resolution of any such summary judgment motion did not dispose of the case in its entirety. (ECF No. 13.) The primary purpose behind the court's bifurcation was to afford Integrity the

opportunity to argue that this action should be nipped in the bud before opening the door to the sort of expansive discovery that accompanies a bad faith claim.

On October 14, 2022, Integrity filed a motion for partial summary judgment. (ECF No. 22.) Resolution of that motion did not dispose of the case in its entirety. (ECF No. 35.) Thereafter, in a telephonic scheduling conference with the court, the parties stated they would like six months for discovery on the bad faith claim, followed by the naming of expert witnesses on that claim and then a dispositive motion date (and possibly a mediation date) relating to the bad faith claim. (ECF No. 37.) It was always understood that there was going to be a deadline for filing dispositive motions related to the bad faith claim.

Following the close of discovery on the bad faith claim, the court will set a deadline for filing summary judgment motions related to the bad faith claim. *See* Notice dated October 31, 2023, setting telephonic status conference for July 24, 2024. Insofar as the plaintiffs' breach of contract allegation is a prong of the bad faith claim, Integrity may address it in a motion for summary judgment regarding the bad faith claim.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 8th day of November, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge