UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CONSUELO HERMAN, et al.,

    Plaintiffs,

v.                           Case No. 22-CV-200

INTEGRITY PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

## DECISION AND ORDER

Consuelo Herman[1] is again asking the court to order Integrity Property and Casualty Insurance Company to produce certain discovery (ECF No. 68), and Integrity is again asking the court for a protective order (ECF No. 72). *See also Herman v. Integrity Prop. & Cas. Ins. Co.*, No. 22-CV-200, 2023 U.S. Dist. LEXIS 112139 (E.D. Wis. June 29, 2023).

Herman failed to comply with Civil Local Rule 37. Her motion to compel does not contain "a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an

---

[1] Consuelo's husband, Richard Herman, is also a plaintiff. Because his claim (ECF No. 1-1 at 4, ¶ 8) is not significant in the court's analysis of the pending motions, the court uses "Herman" herein to refer to Consuelo alone and uses the singular "plaintiff."

accord." Civ. L.R. 37. Although Herman has provided emails that the parties exchanged, without more an exchange of emails does not necessarily comply with Rule 37. In any event, it is not the court's role to search the hundreds of pages Herman submitted for the certification that should be set forth in her motion. As Integrity explains in its response, Herman's failure to meet and confer was material because one of the parties' most substantive disputes is over Integrity's "litigation file." Herman has made no further effort to define this request, and Integrity remains uncertain as to what precisely Herman seeks. Therefore, Herman's motion to compel (ECF No. 68) is **denied**.

Turning to Integrity's motion for a protective order (ECF No. 72), Herman did not respond. Integrity asks for a protective order with respect to Herman's deposition of "Erica Barnes, the Integrity representative that has handled the file since this lawsuit was filed." (ECF No. 73 at 15.) It states, "because Integrity has been represented by counsel since the lawsuit began, almost the entirety of information that Ms. Barnes could offer is either direct privileged attorney-client communications or analysis that is directly resulting from Integrity's counsel's input or combined protected work product." (ECF No. 73 at 15.)

That "almost the entirety" of a witness's testimony would be protected or privileged is not a basis for barring a deposition. An opponent is still entitled to obtain through deposition whatever information is not privileged or protected. And the court can assess the bounds of any claim of privilege or protection only in the face of a specific

question or demand. At this stage, the dispute is merely hypothetical and therefore not properly before the court. Accordingly, Integrity's motion for a protective order (ECF No. 72) is **denied**.

The court further finds that neither party is entitled to reasonable expenses related to the motions. *See* Fed. R. Civ. 37(a)(5)(C).

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 14th day of February, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge